UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIAH MEADE,

Plaintiff,

v.

APOLLO NEUROSCIENCE, INC.,

Defendant.

CASE NO. C26-5734JLR

ORDER

## I. INTRODUCTION

Before the court are the parties' responses to the court's order directing them to show cause why this case should not be remanded to state court for lack of Article III standing. (Def. OSC Resp. (Dkt. # 22); Pl. OSC Resp. (Dkt. # 26); *see* OSC (Dkt. # 20).) The court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised, the court STAYS this action pending the Ninth Circuit Court of Appeals's issuance of the mandate in *Montes v. Penney Opco, LLC* ("*Montes II*"), Nos. 25-8045, 26-241 (9th Cir.).

## II. BACKGROUND

Plaintiff Mariah Meade initiated this putative class action in Pierce County Superior Court in June 2026. (*See* Compl. (Dkt. # 1-2).) She alleges that Defendant Apollo Neuroscience, Inc. ("Apollo") sent her and other Washington consumers marketing emails with false or misleading information in their subject lines in violation of the Washington Commercial Electronic Mail Act ("CEMA"), ch. 19.190 RCW, and the Washington Consumer Protection Act ("CPA"), ch. 19.86 RCW. (*See generally id.*) Apollo removed the case on July 6, 2026, asserting that this court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). (*See generally* Not. of Removal (Dkt. # 1).)

The court issued its order to show cause on September 2, 2026. (*See* OSC.) On September 4, 2026, Apollo moved to dismiss Ms. Meade's complaint on the grounds that (1) Ms. Meade fails to state a claim under CEMA and the CPA, and (2) CEMA is pre-empted by the federal Controlling the Assault of Non-Solicited Pornography and Marketing ("CAN-SPAM") Act, 15 U.S.C. § 7701 *et seq*. (*See* MTD (Dkt. # 21) at 5-16.) Apollo moved, in the alternative, to stay the case pending the resolution of *Montes II*, which involves Article III standing, and *Montes v. SPARC Group, LLC*, No. 23-35496 (9th Cir.), which involves the CPA's injury element. (*See id.* at 16-19.[1]) The order to show cause is fully briefed and ripe for decision.

[1] The parties subsequently moved to stay briefing on the motion to dismiss pending the court's resolution of the order to show cause. (*See* Stip. Mot. (Dkt. # 28).)

## III. ANALYSIS

"[W]hether or not the parties raise the issue, federal courts are *required* sua sponte to examine jurisdictional issues such as standing." *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (emphasis in original, citation omitted, cleaned up). As the party invoking federal jurisdiction, Apollo bears the burden of establishing that Ms. Meade has standing under Article III. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1099 (9th Cir. 2022). Thus, Apollo "must show (i) that [Ms. Meade] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citation omitted). A "concrete" injury "must actually exist[;]" that is, it must be "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (internal quotation marks and citation omitted).

Apollo argues that Ms. Meade has Article III standing to pursue her claims in this case or, in the alternative, that the court should stay this case pending the resolution of *Montes II* because courts in this District are divided on whether a plaintiff's allegation that she received commercial emails with misleading subject lines is sufficient to establish standing. (*See generally* Def. OSC Resp.) *Montes II* is an appeal of an Eastern District of Washington decision dismissing a CEMA case for lack of Article III standing. *See generally Montes v. Catalyst Brands LLC*, No. 2:25-cv-0281-TOR, 2025 WL 3485827 (E.D. Wash. Dec. 4, 2025). In that case, the court reasoned that "the mere

receipt of misleading or false subject lines in emails does not, by itself, constitute an injury" sufficient to impart standing, particularly where there was no "invasion of privacy or any similar injury to constitute a concrete harm." *Id.* at *2-3. Apollo argues that a stay pending the resolution of *Montes II* is in the interest of efficiency because, if the case is remanded, Apollo will move to dismiss in state court and will remove the case a second time if the Ninth Circuit reverses *Montes I*. (Defs. OSC Resp. at 6.)

Ms. Meade, for her part, asserts that she has Article III standing to proceed in this action because Apollo "'spammed' her with marketing emails containing false or misleading subject lines[,]" leading to a concrete injury. (Pl. OSC Resp. at 4 (citing *Liss v. Skechers USA Inc.*, No. C25-5861DGE, 2026 WL 1392327, at *3 (W.D. Wash. May 19, 2026)).) In the alternative, she argues that the court must remand this case if it concludes that her standing is in question because a stay pending a decision in *Montes II* would be inequitable. (*Id.* at 4-6.)

Courts have inherent power to stay proceedings "pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). To determine whether a stay is appropriate, courts weigh "the competing interests which will be affected by the granting or refusal to grant a stay[.]" *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962). These interests, known as the "*Landis* factors," include (1) the possible damage which may result from a stay; (2) the hardship or inequity a party may suffer if required to go forward; and (3) "the orderly course of justice measured in

terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.* (citing *Landis*, 299 U.S. at 254-55).

The court concludes that the *Landis* factors favor a stay. First, any damage that may result from a stay is minimal because this case is in its earliest stages and briefing in *Montes II* will be complete in less than two weeks. *See Montes II*, Dkt. # 41 (setting the deadline to file an optional reply brief on October 19, 2026). Thus, this case does not present the type of "lengthy and indefinite stay[]" that risks "plac[ing] a plaintiff effectively out of court." *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) (finding a potential delay of five or six years, or longer, is "indefinite" and "lengthy").

Second, remanding instead of staying this case risks multiplying these proceedings and wasting judicial and attorney resources if *Montes II* clarifies Ms. Meade's standing and Apollo removes this action a second time. *See Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (permitting a successive removal upon "a relevant change of circumstances" such as "when an intervening change of law gives rise to a new basis for subject-matter jurisdiction" (citations omitted)).

Finally, as multiple courts in this district have observed in nearly identical CEMA cases, the Ninth Circuit's ruling in *Montes II* will simplify a question of law that is "directly on-point and will be dispositive on the threshold Article III jurisdictional question." *Meadows v. Lands' End, Inc.*, No. C25-5841BHS, 2026 WL 2581947, at *3 (W.D. Wash. Sept. 1, 2026) (compiling cases). Accordingly, the court stays this action pending the resolution of *Montes II*.

## IV. CONCLUSION

For the foregoing reasons, the court STAYS this action pending the Ninth Circuit's issuance of the mandate in *Montes II*. The parties are ORDERED to submit a joint status report regarding how this action should proceed within 14 days after the mandate issues. The court STRIKES Apollo's motion to dismiss (Dkt. # 21) without prejudice to renewing the motion, if appropriate, after the stay is lifted. The court DENIES the parties' stipulated motion to stay proceedings pending the resolution of the order to show cause (Dkt. # 28) as moot.

Dated this 8th day of October, 2026.

JAMES L. ROBART
United States District Judge